**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MAKALYA DARIELLA SAULNY** **PLAINTIFF**

**vs.** **CAUSE No. 3:24-CV-619-HTW-LGI**

**VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED** **DEFENDANTS**

**ORDER ON MOTION [28] FOR ATTORNEYS' FEES**

BEFORE THIS COURT are Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland, Inc., and VGW GP Ltd. ("Defendants") Motion **[28]** for Attorneys' Fees, and Plaintiff Makayla Saulny's ("Plaintiff") Motion **[42]** for an Extension of Time to file an appropriate response to Defendants' Motions **[35], [37].** Defendants' Motion **[28]** for Attorneys' Fees is DENIED, and Plaintiff's Motion **[42]** for an Extension of Time is GRANTED as modified.

In August 2024, Plaintiff Makayla Saulny ("Plaintiff")—suing on behalf of a putative class—filed the instant lawsuit against Defendants in Mississippi state court. Defendants filed a Notice of Removal **[1]** pursuant to the Class Action Fairness Act, *see* 28 U.S.C. s 1332(d)(2),[1] and thereafter filed Motions to Compel Arbitration **[8]** and to Dismiss **[10]** the case. Plaintiff filed Responses **[15], [17],** to those Motions **[8], [10],** and Defendants filed Replies **[20], [21].**

[1] Section 1332(d)(2) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

In April 2025, Plaintiff filed a Motion **[23]** to Amend/Correct Complaint. The Court granted Plaintiff's Motion **[23]** with these two contingencies:

> 1. Plaintiff submitting a satisfactory explanation as to why she waited so long to seek an amendment;
>
> 2. Upon the Defendant's submission of a request for extra attorneys' fees and costs, occasioned by Plaintiff's untimely request to amend, this Court shall determine the reasonableness of the monetary request and whether Plaintiff should pay such or be excused from an obligation to pay. Plaintiff's challenge, if any, will be ruled upon by the Court. **Docket No. 27, 2-3.**

Defendants then filed a Motion **[28]** for attorneys' fees in connection with its Reply **[20]** in support of its Motion **[10]** to Dismiss in the amount of $23,363.78. ***See*** **Docket No. 28-1.** Plaintiff filed a Response **[30]** to this Court's Order **[27],** to which the Court found Plaintiff's explanation for the delay satisfactory. As a result, the Court excused the untimeliness of the amendment and ordered Plaintiff to file an Amended Complaint **[33].** Further, the Court's Order **[27]** retained complete discretion as to Defendants' entitlement to attorneys' fees related to the untimely amendment. Because the Court excused the delay and granted Plaintiff's request to amend, Plaintiff should not be required to pay attorneys' fees. Therefore, Defendants' Motion **[28]** for Attorneys' Fees is DENIED.

Defendant has since filed renewed Motions to Dismiss **[35]** and to Compel Arbitration **[37].** Plaintiff seeks an extension of time to respond to those Motions **[35], [37].** As it currently stands, Plaintiff must respond to Defendants' Motions **[35], [37]** by September 22, 2026. *See* L.U. CIV. R. 7(b)(4) ("Counsel for respondent must, within 14 days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."). Plaintiff's Motion **[40]** asks this Court to extend that deadline by 37 days, allowing Plaintiff an opportunity to file a response by October 30, 2026. The Court finds that a shorter extension is more appropriate.

Accordingly, Plaintiff shall have until October 14th, 2026, to file a Response to Defendants' Motions to Dismiss **[35]** and to Compel Arbitration **[37].** Defendants' Reply, if any, shall be filed in accordance with the Local Rules. *See* L.U. Civ. R. 7(b)(4) ("Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief.").

**IT IS, THEREFORE, ORDERED** that Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland, Inc., and VGW GP Ltd.'s Motion **[28]** for Attorneys' Fees is DENIED.

**IT IS, FURTHER, ORDERED** that Plaintiff Makayla Saulny's Motion **[40]** for an extension of time is GRANTED as modified.

**SO ORDERED this the 17th day of September, 2026.**

**/s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**